Jaknagin, Special Judge,
delivered the opinion of the court.
We have attentively considered the pleadings and proofs in this cause, as also the decree of the Chancellor, *470 and are unable to see any principle, governing courts of chancery, upon which complainant’s bill can be retained, and the relief prayed granted.' The bill shows there are more than six hundred and forty acres included within the lines of the deed, and that complainant took a general warranty, and therefore, if Bearden sold him land to which he had no title, his relief is at law, and not in this court, unless he'had asked to have the contract rescinded, but that could not have been done under the circumstances of this case. There is no statement in the bill, or proofs that complainant has been prevented the enjoyment of an acre of the land included in his deed, or that such a thing is threatened or apprehended, but it is shown the land to which Bearden had not a"title has ,been granted. Shall we, therefore, permit him to recover from Bearden, and then hold the land under his deed and seven years possession? This he could not do at law, because an eviction would be necess.ary to a recovery. It will not do to say, the land alleged as a deficiency is covered by waters, and is just such as complainant would never have wished to buy, when he has made his deed the ground of his bill, which contains no warranty of quality, and in truth that which is thus alleged was not looked to or in the contemplation of the parties in fixing the price of the tract, and to -every foot that contributed to the offer of the three thousand dollars, by complainant, he has received an undisputed title; and it is well settled in courts of equity that compensation will not be decreed for defect of quantity, unless quantity regulated or formed the principle of the contract. It did not do so in the present case. And here we lay out of the cause all the evidence relating to parts of the agreements, not inserted in the writings entered into between the parties, for it is not competent for a court of equity or a court of law to receive parol evidence to add to, or vary a written contract, the rules of evidence being the same in both courts.
*471 Complainant has not alleged fraud, and has failed to make out any misrepresentation that influenced him m making the purchase, and this court will not decree compensation for a deficiency of quantity, even in a case ex-ecutory, in the absence of fraud or misrepresentation, where the boundaries and outlines of a tract are given, and the means furnished of ascertaining the true quantity.
Again; we cannot decree for complainant, because the contract between him and Bearden has been consummated by his acceptance of a deed, and does not rest in fieri. On a proper case made out, the court could order the contract to be rescinded, the deed cancelled, and the purchase money to be refunded, but in this cause there is no such application. It is one for remuneration for a deficiency of quantity in an executed contract for the purchase of land. We know of no precedent that would be a warrant for doing what we are now asked to do, and when we make this declaration we are aware of the case of Bond against Jackson, in 3 Haywood’s Reports, 189. Without pretending to decide whether the law was or was not administered correctly in«bhat cause, under its own peculiar circumstances, we are prepared to say we cannot adopt that case as authority in the present cause, or for any general principle.
The grounds of the opinion here expressed, are not at all shaken by the authority of the cases mainly relied on by complainant’s counsel, as we understand them. They are, Glover vs. Smith, 1 Dess. Rep. 433: Witherspoon vs. The Executors of Anderson, 3 Dess. Reports, 245: S. Tucker vs. George Gordon and others, 4 Dess. Rep. 53: Bond vs. Jackson, 3 Haywood’s Rep. 189; and Hill vs. Buckley, 19 Ves. Rep. 393.
Glover vs. Smith is not so reported as to show the facts with correctness, and we cannot see its applicability to the present cause. It seems to have been a bill filed for relief against a bond executed by Wilson Glover, on behalf of complainant, while a minor, on the purchase of *472 a tract of land, formerly the property of one Dupont, from commissioners, under a statute of South Carolina. They sold three hundred and fifty acres of high land and three hundred and twenty acres of swamp. Upon survey, it was found there was a deficiency of sixty-four acres of high land, and thirty-seven acres of swamp. These deficiencies appeared to have materially injured the value of the farm; and the court, thinking it probable complainant would not have purchased if he had known the truth, rescinded the contract, and ordered the bond to be given up.
Witherspoon vs. Executors of Anderson, was a case for compensation for improvements made, where the purchaser had been evicted on account of defectiveness of title, and the principal question was, what should be the measure of compensation.
The case of 8. Tucker vs. George Gordon and others, was this: a creditor of an estate had a judgment, and was proceeding to enforce it, when he agreed with a third person that he should become the purchaser, at a fixed price. This was done, aflid the purchaser paid the money to the creditor; but he was afterwards evicted by another claimant. The creditor was apprised of the outstanding title on which the eviction took place at the time he made the agreement, but did not communicate it to the purchaser, though he had heard of it from others. The court decreed upon the ground of fraudulent concealment by the creditor.
Hill vs. Buckley, so far as applicable to the present case, is an authority against complainant. It was a bill for the specific performance of a contract, with an abatement out of the purchase money, in respect of a deficiency in quantity. The draft of the agreement furnished by defendant’s agent, described the woods as containing, together with the hedges and fences, two hundred and seventeen acres and ten perches, and the meadow adjoining, called Gulberry Marsh, as containing two acres and *473 twenty-four perches. Complainant and his agent had no . ^ « , . opportunity oi ascertaining the correctness ot this statement, and formed his judgment of the value from the particular, and never discovered the statement upon which he purchased was erroneous, till in the course of a treaty to sell the woods to another person, when, on measurement it plainly appeared, instead of the woods, including Gulberry Marsh, containing two hundred and seventeen acres and ten perches, they did not contain more than one hundred and ninety-one acres. The wood had been represented of a certain value, and as being upon a certain number of acres, which proved deficient. The execution of the contract was decreed, an abatement in the purchase money allowed, but only for so many acres of land not covered with woods, upon the ground the purchaser had all the wood he expected to buy. The master of the Rolls said, “I do not think myself warranted, by any evidence in the cause, to infer that the plaintiff knew the real quantity. A very intimate acquaintance with the premises, would not necessarily imply a knowledge of their exact contents. While the particularity of the statement, descending to perches, would naturally convey the notion of actual admeasurement. When a misrepresentation is made as to the quantity, though innocently, I apprehend the right of the purchaser to be, to have what the vendor can give, with an abatement out of the purchase money, for so much as the quantity falls short of the representation. This is the rule generally, where the land is neither bought nor sold professedly by the acre. The presumption is, that in fixing the price, regard was had on both sides, to the quantity which both supposed the estate to consist of. The demand of the vendor, and the offer of the purchaser, are supposed to be influenced in an equal degree by the quantity, which both believe to be the subject of their bargain.” The facts of this cause differ, in many particulars, from those of the one before this court. There, there *474 wag a contract executory., and a bill for specific execution with an abatement out of the purchase money: Here is an executed contract, and abill in affirmance, praying an abatement in the price. There, there was a purchase in substance, by the.acre, though not professedly so, under a mistake in both vendor and vendee as to quantity, and where the purchaser had not the means of correct information: Here, there was a purchase by the tract, after a personal examination by the vendee, who has gotten all he wished, or intended to ffiuy, or that the vendor intended to sell. In such a case, a purchaser should never present himself in a court of equity for relief. Prom the whole evidence in this cause, we are unable to see how Meek was mistaken or deceived in his purchase. Prom the plat in the record, it appears the river is the boundary of the whole tract, with the exception of one line, about which there is no dispute, and no one who had ever been on the land could be deceived by any call for course and distance. We think Meek has all he intended to buy, and that induced him to give the three thousand dollars, and that no one who has the precise thing expected and intended to be purchased, can have, in a court of equity, an abatement in the price. This is the plain principle of common sense, and needs not the support of authority.
By the best examination we have been able to make, we are led to the conclusion, the decree of the chancery court is erroneous, and therefore order that the same be reversed, complainant’s bill dismissed, and that he pay the costs.
Bill dismissed.